## In Re Anonymous No. 36 D.B. 78

Disciplinary Board Docket no. 36 D.B. 78.

To The Honorable Justice and Justices of the Supreme Court of Pennsylvania

McGINLEY, *Member,* January 5, 1984 — Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania (board) herewith submits its findings and recommendations with respect to the captioned matter.

### I. HISTORY OF PROCEEDINGS

The within petition for reinstatement was filed on January 24, 1983.

On October 7, 1975, the Supreme Court of Pennsylvania suspended petitioner from the practice of law for five years. The Supreme Court ordered suspension on October 7, 1975.

The matter was referred to a hearing committee which conducted a hearing. On October 17, 1983, the hearing committee unanimously recommended reinstatement. During the course of proceedings before the hearing committee, Disciplinary Counsel agreed that petitioner had demonstrated the requisite competencey and learning to practice law at the Bar of the Supreme Court of Pennsylvania.

The petition for reinstatement was the second such petition which had been filed since petitioner's suspension. The first petition was filed on July 19, 1979. After an extensive hearing, a hearing committee recommended reinstatement. At that time, Disciplinary Counsel then excepted to the hearing committee's report. The Disciplinary Board recommended denial of the petition filed in July of 1979. On March 12, 1981, the Supreme Court affirmed the recommendation of the board and denied the petition.

## II. STATEMENT OF FACT

The board adopts the factual findings of the hearing committee. Those facts are as follows:

1. Petitioner, [          ], was admitted to practice law in the Commonwealth of Pennsylvania on December 7, 1951, having graduated from the University of [          ] School of Law in June of 1951.

2. Petitioner is now 56 years old; he is married; and he and his wife have three children. The parties presently reside at [          ].

3. At the hearing on the instant petition for reinstatement, Office of Disciplinary counsel acknowledge that petitioner has met his burden in demonstrating that he has the requisite competency and learing in the law. Disciplinary Counsel stated:

". . . as far as competency and learning the law, the Respondent will concede that there is not an issue with regard to competency and learning in the law. He (Petitioner) has the required level of competency and learning in the law for reinstatement."

4. Petitioner's competency and learning in the law was further established by his activities during the years of his suspension. Petitioner has attended numerous continuing education programs, includ-

ing seminars and lectures. Moreover, petitioner has accepted employment as a paralegal and this work together with his independent reading has enabled petitioner to remain current in his field.

5. Petitioner has suffered both emotionally and financially as the result of his previous derelictions. Petitioner is appropriately remorseful about his past misconduct. Petitioner has taken full responsibility for his conduct and he recognizes that he brought shame upon himself and his chosen profession.

6. In addition to petitioner, testimony was presented by his wife[      ]. His wife testified about the changes she has observed in her husband during the very difficult years of his suspension. Petitioner has obviously learned a very painful lesson and there is every reason to believe that he will not repeat his prior acts of misconduct.

7. At the hearings conducted on petitioner's initial petition for reinstatement, petitioner presented the testimony of nine distinguished members of the Bar and two lay persons to establish that he possessed the necessary moral qualifications to justify his reinstatement to the practice of law.

8. By agreement the transcript was introduced into evidence at the instant hearing and it was agreed that it would not be necessary for petitioner to recall the witnesses and to reproduce the testimony presented at the earlier hearings.

9. The previous testimony strongly supports petitioner's claim that he possesses the moral qualifications, competency and learning in the law and the fact that his reinstatement would be neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive to the public interest.

10. The office of Disciplinary Counsel opposed the initial petition for reinstatement. At the earlier

hearings the dockets from 23 cases handled by petitioner were introduced to establish that petitioner had not properly notified all of his clients about his suspension from the practice of law.

11. Importantly, the problem regarding proper notification of clients and otherwise holding himself out as an attorney occurred very early on in what has become a very lengthy suspension.

12. At the instant hearing, petitioner presented evidence to explain why the dockets failed to demonstrate proper notification and more importantly, to establish that he responsibly discharged his duty to these clients.

13. At the instant hearing Disciplinary Counsel acknowledged that petitioner's evidence cleared up the confusion which existed in 21 of the approximately 23 dockets introduced during the earlier hearing. It was further recognized that petitioner has been unable to retrieve the files in the other two cases to establish that he acted properly. Disciplinary Counsel agreed that he was not going to pursue those two matters at this hearing.

14. Petitioner admitted that his record keeping with regard to notification of his clients was inadequate and he took full responsibility for the problems which resulted in the denial of his initial petition for reinstatement.

15. Disciplinary Counsel at the conclusion of the hearing on the instant petition stated that his office did not oppose the granting of the requested relief but, rather, his office was not taking any position on the petition.

## III. DISCUSSION

A petitioner in reinstatement proceedings has the burden of proving by clear and convincing evidence that he has the moral qualifications, competency

and learning in the law required for admission to the Bar of the Supreme Court of Pennsylvania and that his resumption of the practice of law will neither be detrimental to the integrity and standing of the Bar or the administration of justice nor subversive to the public interest. Pa. R.D.E. §218(3)(i) and D.B.R. 89.273(a)(3)(i).

Disciplinary Counsel agreed that petitioner had met his burden of proof on the issue of competency and learning in the law. Further, Disciplinary Counsel does not oppose the instant petition.

The central issue is whether petitioner has met his burden of proof that he is sufficiently rehabilitated to resume the practice of law; in other words, that his resumption of the practice of law will be neither detrimental to the integrity and standing of the Bar or the administration of justice nor subversive to the public interest.

Petitioner has discharged his burden. The hearing committee found him to be a dedicated spouse and parent; remorseful and responsible for his prior deeds; one who has maintained his interest and skills in the law. The evidence was not challenged by Disciplinary Counsel.

Petitioner has been suspended from the practice of law for approximately seven and one-half years. During that period, his conduct is such as would to discharge his burden of proof.

## IV. CONCLUSION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that [petitioner] be reinstated to the Bar of the Supreme Court of Pennsylvania. Costs shall be paid by petitioner.

Mrs. Neuman and Mr. Helwig did not participate in the adjudication.

## ORDER

NIX, *C.J.*, and now, this February 1, 1984, the recommendation of the Disciplinary Board dated January 5, 1984, is accepted, and the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.